IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

**PATRICIA R. STOUT,**

        **Plaintiff,**

v.                                         **Civil Action No.: 3:23-CV-00390**
                                             **Judge:**

**ALLSTATE VEHICLE AND
PROPERTY INSURANCE COMPANY
and AGAN RESTORATION, LLC,
d/b/a PUROCLEAN PROPERTY
PARAMEDICS,**

        **Defendants.**

### ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT

COMES now the Defendant, Allstate Vehicle and Property Insurance Company ("Allstate"), by counsel, and for its Answer to Plaintiff's Complaint does state as follows:

### FIRST DEFFENSE

Plaintiff's Complaint fails to state a cause of action against Allstate upon which relief may be granted and, accordingly, the same must be dismissed pursuant to the provisions of Rule 12(b) of the West Virginia Rules of Civil Procedure.

### SECOND DEFFENSE

1.    Upon information and belief, Allstate admits the allegations contained within paragraph 1 of Plaintiff's Complaint.

2.    Allstate admits the allegations contained within paragraph 2 of Plaintiff's Complaint.

3. Allstate admits that Agan Restoration, LLC is authorized to do and is doing business in West Virginia but denies that it is an Ohio Limited Liability Company inasmuch as the West Virginia Secretary of State's Office indicates that its Charter is in the State of West Virginia.

4. Allstate asserts that the allegations contained within paragraph 4 of Plaintiff's Complaint are a statement of jurisdiction and a response is not required. To the extent a response is required, Allstate admits the allegations contained within paragraph 4 of Plaintiff's Complaint.

5. Allstate asserts that the allegations contained within paragraph 5 of Plaintiff's Complaint are a statement of venue and a response is not required. To the extent a response is required, Allstate admits the allegations contained within paragraph 5 of Plaintiff's Complaint.

6. Upon information and belief, Allstate admits the allegations contained within paragraph 6 of Plaintiff's Complaint.

7. Allstate admits the allegations contained within paragraph 7 of Plaintiff's Complaint.

8. Allstate admits the allegations contained within paragraph 8 of Plaintiff's Complaint.

9. Allstate denies the allegations contained within paragraph 9 of Plaintiff's Complaint.

10. Allstate admits to issuing payment to Agan Restoration, LLC as alleged in paragraph 10 of Plaintiff's Complaint, but denies each and every other allegation raised in paragraph 10 of Plaintiff's Complaint.

11. Allstate denies each and every allegation contained within paragraph of Plaintiff's Complaint.

12. Allstate admits the allegations contained within paragraph 12 of Plaintiff's Complaint.

13. At this time, Allstate is without knowledge or information sufficient as to form a belief as to the truthfulness of the allegations contained within paragraph 13 of Plaintiff's Complaint and, accordingly, denies the same.

14. At this time, Allstate denies the allegations contained within paragraph 14 of Plaintiff's Complaint.

15. Allstate denies each and every allegation contained within paragraph 15 of Plaintiff's Complaint.

16. Allstate denies each and every allegation contained within paragraph 16 of Plaintiff's Complaint.

17. Allstate denies each and every allegation contained within paragraph 17 of Plaintiff's Complaint.

18. Allstate denies each and every allegation contained within paragraph 18 of Plaintiff's Complaint.

## COUNT I
**Defendant Allstate Breach of Contract**

19. In answer paragraph 19 Count I of Plaintiff's Complaint, Allstate restates and reaffirms its answers to paragraphs 1 through 18 of Plaintiff's Complaint as if the same were restated herein in their entirety.

20. Allstate admits the allegations contained within paragraph 20 Count I of Plaintiff's Complaint.

21. Allstate denies the allegations contained within paragraph 21 Count I of Plaintiff's Complaint.

22. Allstate denies each and every allegation contained within paragraph 22 Count I of Plaintiff's Complaint.

23. Allstate denies each and every allegation contained within paragraph 23 Count I of Plaintiff's Complaint.

24. Allstate denies each and every allegation contained within paragraph 24 Count I of Plaintiff's Complaint.

## COUNT II
### Defendant Allstate First Party Statutory Bad Faith

25. In answer to paragraph 25 Count II of Plaintiff's Complaint, Allstate restates and reaffirms its answers to paragraphs 1 through 24 of Plaintiff's Complaint as if the same were restated herein in their entirety.

26. Allstate denies each and every allegation contained within paragraph 26 Count II of Plaintiff's Complaint.

27. Allstate denies each and every allegation contained within paragraph 27 Count II, including all subparagraphs of Plaintiff's Complaint.

28. Allstate denies each and every allegation contained within paragraph 28 Count II of Plaintiff's Complaint.

29. Allstate denies each and every allegation contained within paragraph 29 Count II of Plaintiff's Complaint.

## COUNT III
### Defendant Allstate First Party Recovery for Common Law Damages for Substantially Prevailing

30. In answer paragraph 30 Count III of Plaintiff's Complaint, Allstate restates and reaffirms its answers to paragraphs 1 through 29 of Plaintiff's Complaint as if the same were restated herein in their entirety.

31. Allstate denies that Plaintiff will substantially prevail on her claims as alleged within paragraph 31 Count III of Plaintiff's Complaint.

32. Allstate denies the allegations contained within paragraph 32 Count III of Plaintiff's Complaint inasmuch as Plaintiff has not and will not substantially prevail.

## COUNT IV
### Defendant's Allstate and Puroclean Negligence

33. In answer paragraph 33 Count IV of Plaintiff's Complaint, Allstate restates and reaffirms its answers to paragraphs 1 through 32 of Plaintiff's Complaint as if the same were restated herein in their entirety.

34. Allstate admits the allegations contained within paragraph 34 Count IV of Plaintiff's Complaint.

35. The allegations contained in paragraph 35 Count IV are not directed to Allstate and a response is not required. To the extent a response is required, Allstate denies the allegations of paragraph 35 Count IV of Plaintiff's Complaint.

36. The allegations in paragraph 36 Count IV are not directed to Allstate and a response is not required. To the extent a response is required, Allstate denies each and every allegation contained within paragraph 36 Count IV of Plaintiff's Complaint.

37. Allstate denies each and every allegation contained within paragraph 37 Count IV of Plaintiff's Complaint.

### THIRD DEFENSE

Allstate further denies each and every other allegation raised or contained within Plaintiff's Complaint not specifically and expressly admitted herein.

### FOURTH DEFENSE

Allstate asserts that it complied with the applicable regulations and statutes at the State of West Virginia in connection with the handling of Plaintiff's Complaint.

### FIFTH DEFENSE

Allstate denies that it has breached the policy of insurance with Plaintiff.

### SIXTH DEFENSE

Allstate reserves the defenses of laches, breach of contract and estoppel.

### SEVENTH DEFENSE

Allstate asserts that it at all times material herein acted in good faith and dealt fairly with Plaintiff.

### EIGHTH DEFENSE

Allstate asserts that it has not violated the West Virginia Unfair Claims Settlement Practices Act and does not participate in a general business practice that violates the West Virginia Unfair Claims Settlement Practices Act.

### NINTH DEFENSE

Inasmuch as the Plaintiff's Complaint sets forth a request for punitive damages, an award of such damages should be denied for the reason that such an award violates the due process requirement and equal protection clause found in the Fourteenth Amendment (Due Process of

Law) and the Eighth Amendment (Excessive Fines) of the Constitution of the United States of America, and Article 3, Section 10 of the Constitution of the State of West Virginia.

## DEMAND FOR BIFURCATION UNDER W. VA. CODE §55-7-29

To the extent Plaintiff meets the required standard related to the existence of facts that warrant the submission of the issue of punitive damages against Defendant to the jury in connection with the trial of this action, Defendant elects and demands that any and all issues related to the punitive damages claim be presented to the jury in a bifurcated trial subject to the standards set forth in W. Va. Code §55-7-29(a), the procedures set forth in W. Va. Code §55-7-29(b), and subject to the limitations on damages set forth in W. Va. Code §55-7-29(c).

## TENTH DEFENSE

Allstate reserves unto itself any and all other defenses as may be disclosed by discovery herein.

WHEREFORE, Allstate Vehicle and Property Insurance Company requests entry of this Court's order dismissing Plaintiff's Complaint and for its costs incurred in the defense of this civil action.

ALLSTATE DEMANDS A TRIAL BY JURY.

By Counsel,

**ALLSTATE VEHICLE AND
PROPERTY INSURANCE COMPANY**

/s/ *Tanya M. Kesner*
Brent K. Kesner (WVSB #2022)
Tanya M. Kesner (WVSB #5162)
**Kesner & Kesner, PLLC**
112 Capitol Street
P. O. Box 2587
Charleston, WV  25329
*Phone:* (304) 345-5200 /*Fax:* (304) 345-5265

37046/249834

7

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

**PATRICIA R. STOUT,**

    **Plaintiff,**

v.                   Civil Action No.: 3:23-CV-00390
                       Judge:

**ALLSTATE VEHICLE AND
PROPERTY INSURANCE COMPANY
and AGAN RESTORATION, LLC,
d/b/a PUROCLEAN PROPERTY
PARAMEDICS,**

    **Defendants.**

## <u>CERTIFICATE OF SERVICE</u>

  I, Tanya M. Kesner, counsel for Allstate Vehicle and Property Insurance Company, do hereby certify that on the **17th day of May, 2023**, I electronically filed the foregoing **ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

| | |
|---|---|
| L. David Duffield, Esq. | Matthew Nelson, Esq. |
| Chad Lovejoy, Esq. | Todd Meadows, Esq. |
| DUFFIELD, LOVEJOY & BOGG, PLLC | **Lewis Brisbois Bisgaard & Smith, LLP** |
| P.O. Box 608 | 707 Virginia Street, East, Ste. 1400 |
| Huntington, WV 25710-0608 | Charleston, WV 25301 |
| duffield@duffieldlovejoy.com | Matt.nelson@lewisbrisbois.com |
| clovejoy@duffieldlovejoy.com | Todd.Meadows@lewisbrisbois.com |

                  /s/ *Tanya M. Kesner*
                Brent K. Kesner (WVSB #2022)
                Tanya M. Kesner (WVSB #5162)
                **Kesner & Kesner, PLLC**
                112 Capitol Street
                P. O. Box 2587
                Charleston, WV 25329
                *Phone:* (304) 345-5200
                *Fax:* (304) 345-5265