IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

PATRICIA R. STOUT,

      **Plaintiff,**

v.                                          CIVIL ACTION NO. 3:23-CV-00390
                                                   Judge Robert C. Chambers

ALL STATE VEHICLE
AND PROPERTY INSURANCE COMPANY and
AGAN RESTORATION, LLC d/b/a PUROCLEAN
PROPERTY PARAMEDICS,

      **Defendants.**

## DEFENDANT AGAN RESTORATION, LLC d/b/a PUROCLEAN PROPERTY PARAMEDICS' AMENDED ANSWER TO PLAINTIFF'S COMPLAINT

COMES NOW, Defendant, Agan Restoration, LLC d/b/a Puroclean Property Paramedics by counsel, Matthew A. Nelson, Todd R. Meadows, and Lewis Brisbois Bisgaard & Smith LLP, and for its Amended Answer to Plaintiff's Complaint states as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a cause of action upon which relief can be granted against this Defendant.

### SECOND DEFENSE

Agan Restoration, LLC d/b/a Puroclean Property Paramedics ("This Defendant") responds to each of the Plaintiff's allegations as follows:

1.    This Defendant is without sufficient information to either admit or deny the allegations contained in Paragraph 1 of Plaintiff's Complaint and, therefore, denies the same and demands strict proof thereof.

2. This Defendant is without sufficient information to either admit or deny the allegations contained in Paragraph 2 of Plaintiff's Complaint and, therefore, denies the same and demands strict proof thereof.

3. This Defendant admits the allegations contained within Paragraph 3 of the Plaintiff's Complaint.

4. This Defendant admits the allegations contained within Paragraph 4 of the Plaintiff's Complaint.

5. This Defendant admits the allegations contained within Paragraph 5 of the Plaintiff's Complaint.

6. This Defendant is without sufficient information to either admit or deny the allegations contained in Paragraph 6 of Plaintiff's Complaint and, therefore, denies the same and demands strict proof thereof.

7. This Defendant is without sufficient information to either admit or deny the allegations contained in Paragraph 7 of Plaintiff's Complaint and, therefore, denies the same and demands strict proof thereof.

8. This Defendant is without sufficient information to either admit or deny the allegations contained in Paragraph 8 of Plaintiff's Complaint and, therefore, denies the same and demands strict proof thereof.

9. This Defendant is without sufficient information to either admit or deny the allegations contained in Paragraph 9 of Plaintiff's Complaint and, therefore, denies the same and demands strict proof thereof.

10. This Defendant admits that All State directed it to provide fire restoration services to the Plaintiff's property. Concerning the remaining allegations contained within

Paragraph 10 of the Plaintiff's Complaint, this Defendant is without sufficient information to either admit or deny the remaining allegations contained in Paragraph 10 of Plaintiff's Complaint and, therefore, denies the same and demands strict proof thereof.

11. This Defendant states that the allegations in Paragraph 11 call for a legal conclusion and therefore no admission or denial is required. To the extent a Response is deemed necessary, this Defendant is without sufficient information to either admit or deny the allegations contained in Paragraph 11 of Plaintiff's Complaint and, therefore, denies the same and demands strict proof thereof.

12. This Defendant admits the allegations contained within Paragraph 12 of the Plaintiff's Complaint.

13. This Defendant denies the allegations contained within Paragraph 13 of the Plaintiff's Complaint.

14. This Defendant denies the allegations contained within Paragraph 14 of the Plaintiff's Complaint.

15. This Defendant denies the allegations contained within Paragraph 15 of the Plaintiff's Complaint.

16. This Defendant denies the allegations contained within Paragraph 16 of the Plaintiff's Complaint.

17. This Defendant is without sufficient information to either admit or deny the allegations contained in Paragraph 17 of Plaintiff's Complaint and, therefore, denies the same and demands strict proof thereof.

18. This Defendant denies the allegations contained within Paragraph 18 of the Plaintiff's Complaint.

## COUNT I
### Defendant Allstate Breach of Contract

19. This Defendant realleges and reaffirms Paragraphs 1 through 18 as if fully contained herein.

20. This Defendant is without sufficient information to either admit or deny the allegations contained in Paragraph 20 of Plaintiff's Complaint and, therefore, denies the same and demands strict proof thereof.

21. This Defendant is without sufficient information to either admit or deny the allegations contained in Paragraph 21 of Plaintiff's Complaint and, therefore, denies the same and demands strict proof thereof.

22. This Defendant is without sufficient information to either admit or deny the allegations contained in Paragraph 22 of Plaintiff's Complaint and, therefore, denies the same and demands strict proof thereof.

23. This Defendant is without sufficient information to either admit or deny the allegations contained in Paragraph 23 of Plaintiff's Complaint and, therefore, denies the same and demands strict proof thereof.

24. This Defendant is without sufficient information to either admit or deny the allegations contained in Paragraph 24 of Plaintiff's Complaint and, therefore, denies the same and demands strict proof thereof.

## COUNT II
### Defendant Allstate First-Party Statutory Bad Faith

25. This Defendant realleges and reaffirms Paragraphs 1 through 24 as if fully contained herein.

26. This Defendant is without sufficient information to either admit or deny the allegations contained in Paragraph 26 of Plaintiff's Complaint and, therefore, denies the same and demands strict proof thereof.

27. This Defendant is without sufficient information to either admit or deny the allegations contained in Paragraph 27 of Plaintiff's Complaint and, therefore, denies the same and demands strict proof thereof.

28. This Defendant is without sufficient information to either admit or deny the allegations contained in Paragraph 28 of Plaintiff's Complaint and, therefore, denies the same and demands strict proof thereof.

29. This Defendant is without sufficient information to either admit or deny the allegations contained in Paragraph 29 of Plaintiff's Complaint and, therefore, denies the same and demands strict proof thereof.

## COUNT III
**Defendant Allstate First-Party Recovery of Common Law Damages for Substantially Prevailing**

30. This Defendant realleges and reaffirms Paragraphs 1 through 29 as if fully contained herein.

31. This Defendant is without sufficient information to either admit or deny the allegations contained in Paragraph 31 of Plaintiff's Complaint and, therefore, denies the same and demands strict proof thereof.

32. This Defendant states that the allegations in Paragraph 32 call for a legal conclusion and therefore no admission or denial is required. To the extent a Response is deemed necessary, this Defendant is without sufficient information to either admit or deny the

allegations contained in Paragraph 11 of Plaintiff's Complaint and, therefore, denies the same and demands strict proof thereof.

## COUNT IV
## Defendants Allstate and Puroclean Negligence

33. This Defendant realleges and reaffirms Paragraphs 1 through 32 as if fully contained herein.

34. This Defendant states that Paragraph 34 of the Plaintiff's Complaint calls for a legal conclusion, for which no response is required. To the extent that a response is deemed necessary, this Defendant is without sufficient information to either admit or deny the allegations contained in Paragraph 34 of Plaintiff's Complaint and, therefore, denies the same other than to admit that it had a duty to exercise reasonable care.

35. This Defendant denies the allegations contained within Paragraph 35 of Plaintiff's Complaint and demands strict proof thereof.

36. This Defendant denies the allegations contained within Paragraph 36 of Plaintiff's Complaint and demands strict proof thereof.

37. This Defendant denies the allegations contained within Paragraph 37 of Plaintiff's Complaint and demands strict proof thereof.

38. With respect to Plaintiff's "WHEREFORE" paragraph, this Defendant states that Plaintiff is not entitled to any relief whatsoever requested.

## FIRST DEFENSE

This Defendant did not breach any duties owed to Plaintiff.

## SECOND DEFENSE

This Defendant asserts each and every affirmative defense found in Rule 8(c) of the Federal Rules of Civil Procedure, including but not limited to contributory/comparative

negligence, assumption of risk, and statute of limitations as those defenses may apply to the facts of this civil action as determined through discovery.

## THIRD DEFENSE

In further answer and defense, this Defendant sets forth those additional affirmative defenses specifically enumerated in Rule 8(c) of the Federal Rules of Civil Procedure in the event the evidence makes any such defenses applicable.

## FOURTH DEFENSE

This Defendant asserts that the injuries and damages about which Plaintiff complains, all of which this Defendant denies, were a proximate result of actions on the part of Plaintiff or actions on the part of some third party not named herein.

## FIFTH DEFENSE

This Defendant asserts that if Plaintiff sustained the injuries and damages about which Plaintiff complains, the same were the proximate result of negligence by Plaintiff that equaled or exceeded the negligence of this Defendant, if any, by reason of which Plaintiff should be barred from recovery herein, pursuant to the doctrine of comparative negligence.

## SIXTH DEFENSE

This Defendant, not being fully advised of all the circumstances surrounding the allegations set forth in the Plaintiff's Complaint, reserves unto itself the affirmative defense that no causal connection exists between the actions or omissions complained of, and the injuries allegedly sustained by Plaintiff.

## SEVENTH DEFENSE

This Defendant, not being fully advised of all the circumstances surrounding the allegations set forth in the Plaintiff's Complaint, reserves unto itself the affirmative defense that Plaintiff failed to mitigate her alleged damages and injuries.

## EIGHTH DEFENSE

If this Defendant is held to any extent liable to Plaintiff, it is entitled to an apportionment of damages, based on fault, including but not limited to fault attributed to participants in the alleged incident at issue, fault attributed to the participants in preceding and subsequent accidents, incidents and/or occurrences and other third parties for whom this Defendant is not responsible. *See* W. Va. Code § 55-7-13d(a).

## NINTH DEFENSE

The Plaintiff's claim for punitive damages violates, and is therefore barred by, the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the Constitution of the United States of America on grounds including, but not limited to, the following:

   a)   it is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon the plaintiff's satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

   (b)   the procedures, pursuant to which punitive damages are awarded, may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing, which judgments infringe the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution;

   (c)   the procedures, pursuant to which punitive damages are awarded, fail to provide a reasonable or substantive limit on the amount of the award which, thereby, violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

   (d)   the procedures, pursuant to which punitive damages are awarded, fail to provide specific standards for the amount of the award of punitive damages which, thereby,

      violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(e)     the procedures, pursuant to which punitive damages are awarded, result in the imposition of different penalties for the same or similar acts and, thus, violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

(f)     the procedures, pursuant to which punitive damages are awarded, permit the imposition of punitive damages in excess of the maximum criminal find for the same or similar conduct, which, thereby, infringes the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution.

(g)     the procedures, pursuant to which punitive damages are awarded, permit the imposition of excessive fines in violation of the Eighth Amendment of the United States Constitution;

(h)     the award of punitive damages to the plaintiff in this action would constitute a deprivation of property without due process of law; and

(i)     the procedures, pursuant to which punitive damages are awarded, permit the imposition of an excessive fine and penalty.

The Plaintiff's claim for punitive damages also violates and is, therefore, barred by the provisions of the Constitution of the State of West Virginia, including but not limited to, Article 3, Sections 4, 5, 6 and 10, on grounds including the following:

(a)     it is a violation of the Due Process and Equal Protection Clauses to impose punitive damages, which are penal in nature, against a civil defendant upon the plaintiff's satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(b)     the procedures, pursuant to which punitive damages are awarded, may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing;

(c)     the procedures, pursuant to which punitive damages are awarded, fail to provide a reasonable or substantive limit on the amount of the award against Mingo Junctions;

(d)     the procedures, pursuant to which punitive damages are awarded, fail to provide specific standards for the amount of the award of punitive damages;

(e) the procedures pursuant to which punitive damages are awarded, result in the imposition of different penalties for the same or similar acts;

(f) the procedures pursuant to which punitive damages are awarded, permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct;

(g) The procedures, pursuant to which punitive damages are awarded, permit the imposition of excessive fines;

(h) the award of punitive damages to the plaintiff in this action would constitute a deprivation of property without due process of law; and

(i) the procedures, pursuant to which punitive damages are awarded, permit the imposition of an excessive fine and penalty.

## TENTH DEFENSE

This Defendant did not engage in any intentional wrongdoing, any departure from any prescribed or known standard of action, nor in any willful, wanton, malicious, reckless or egregious conduct; consequently, a sufficient factual basis does not exist to support a claim for punitive damages against this Defendant.

## ELEVENTH DEFENSE

No provision of West Virginia law provides adequate procedural safeguards consistent with the criteria of TXO Production Corp. v. Alliance Resources Corp., 509 U.S. 443, 113 S. Ct. 2711, 125 L. Ed. 2d 366 (1993), Pacific Mutual Life Ins. Co. v. Haslip, 499 U.S. 1, 111 S. Ct. 1032, 113 L. Ed. 2d 1 (1991), and Garnes v. Fleming Landfill, Inc., 186 W. Va. 656, 413 S.E.2d 897 (1991), for the imposition of a punitive damage award.

## TWELFTH DEFENSE

This Defendant asserts all of the limitations, restrictions and defenses set forth in West Virginia Code § 55-7-29 with respect to Plaintiffs' claim for punitive damages, including the heightened standard of proof and statutory limits set forth therein.

**THIRTEENTH DEFENSE**

This Defendant moves to stay Count 2, 3 and 4 of the Plaintiffs' Complaint under Rule 42(b) of the Federal Rules of Civil Procedure and order separate trials in furtherance of convenience or to avoid prejudice and preserving the inviolate the right of trial by jury as declared by W. Va. Const. art. III, § 13. Light v. Allstate Ins. Co., 203 W. Va. 27, 28, 506 S.E.2d 64, 65 (W.Va. 1988).

**FOURTEENTH DEFENSE**

Any allegation not admitted, denied or otherwise controverted, is hereby denied.

WHEREFORE, Agan Restoration, LLC d/b/a Puroclean Property Paramedics prays that Plaintiff's Complaint filed herein against it be dismissed, with prejudice; that the relief prayed for therein be denied; and that it recover, of and from the Plaintiff, its reasonable costs, including necessary attorney fees expended on its behalf, in the defense of this action.

**DEFENDANT AGAN RESTORATION, LLC D/B/A PUROCLEAN PROPERTY PARAMEDICS DEMANDS A TRIAL BY JURY.**

**DEFENDANT AGAN RESTORATION, LLC D/B/A PUROCLEAN PROPERTY PARAMEDICS**

By Counsel:

*/s/ Todd R. Meadows*
Matthew R. Nelson (WVSB #9421)
Todd R. Meadows (WVSB #9770)
Lewis Brisbois Bisgaard & Smith LLP
707 Virginia Street, East, Suite 1400
Charleston, West Virginia 25301
Matt.Nelson@lewisbrisbois.com
Todd.Meadows@lewisbrisbois.com
PH: (304) 553-0166 / FX: (304) 932-0265

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

**PATRICIA R. STOUT,**

      **Plaintiff,**

**v.**                               **CIVIL ACTION NO. 3:23-CV-00390**
                               **Judge Robert C. Chambers**

**ALL STATE VEHICLE**
**AND PROPERTY INSURANCE COMPANY and**
**AGAN RESTORATION, LLC d/b/a PUROCLEAN**
**PROPERTY PARAMEDICS,**

      **Defendants.**

## **CERTIFICATE OF SERVICE**

The undersigned counsel hereby certifies that on this 25th day of May, 2023, he has filed the foregoing ***DEFENDANT AGAN RESTORATION, LLC d/b/a PUROCLEAN PROPERTY PARAMEDICS' AMENDED ANSWER TO PLAINTIFF'S COMPLAINT*** with the Clerk of the Court using the CM/ECF system, which will send notification to and constitutes service on counsel of record.

                                                                    */s/ Todd R. Meadows*
                                                     Matthew R. Nelson (WVSB #9421)
                                                     Todd R. Meadows (WVSB #9770)
                                                     Lewis Brisbois Bisgaard & Smith LLP
                                                   707 Virginia Street, East, Suite 1400
                                                   Charleston, West Virginia 25301
                                                   Matt.Nelson@lewisbrisbois.com
                                                   Todd.Meadows@lewisbrisbois.com
                                                   PH:  (304) 553-0166 / FX:  (304) 932-0265